IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAURICE JOHNSON,

        Petitioner,

v.                                                Civil Action No. 3:14cv17
                                                   Criminal Action No. 3:02cr64
                                                   (Judge Groh)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

On February 4, 2014, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 839). This case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

### I. Procedural History

**A. Conviction and Sentence**

On February 25, 2003, petitioner signed a plea agreement[1] by which he agreed to plead guilty to Count 48, distribution of heroin, in violation of Title 21, United States Code, §§841(a)(1) and 841(b)(1)(C). On March 17, 2003, the petitioner entered his plea of guilty in

---

[1] The plea agreement contained this paragraph:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. *The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).* In exchange for defendant's waiver, the United States waives its right to appeal the sentence. In the event that there would be an appeal however, each party reserves the right to argue in support of the sentence.

See Dkt.# 331, ¶10, at 3 – 4 (emphasis added).

open court. On July 30, 2003, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 188 months imprisonment.

**B. Appeal**

Petitioner did not file a direct appeal.

**C.   First §2255 Motion**

Petitioner filed his first motion to vacate under §2255 on April 27, 2007, raising one ground for relief. (Dkt.# 637). On July 12, 2007, the magistrate judge issued a Report and Recommendation ("R&R"), recommending that petitioner's §2255 motion be denied as untimely. (Dkt.# 643). On August 3, 2007, the Court entered an Order adopting the R&R and dismissing the §2255 motion. (Dkt.# 646). Petitioner did not appeal, but on August 13, 2007, he filed a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment entered incident to the Order adopting the R&R. (Dkt.# 648). By Order entered January 25, 2008, the motion was denied. Petitioner timely appealed to the Fourth Circuit Court of Appeals. On June 24, 2008, by unpublished *per curiam opinion*, the appeal was dismissed.[2] Petitioner petitioned for panel rehearing and/or *en banc* rehearing; the petition was denied on August 26, 2008.

**D. Second §2255 Motion**

Petitioner contends that his due process rights were violated when he was sentenced as a career offender "beyond his standard range of 92-115 months[3] to 188 months," on the basis of a prior 2nd degree assault conviction in Maryland.

---

[2] (4th Cir. Dkt.# 10)(08-6262).

[3] The undersigned notes that petitioner's plea agreement states that the maximum penalty to which he would be exposed by virtue of his plea was imprisonment for not more than twenty (20) years. See Dkt.# 331, ¶2 at 1-2.

Petitioner appears to assert that pursuant to the recent Supreme Court decision entered in Descamps v. United States, __ U.S. __, 133 S.Ct. 2276 (2013), and the Fourth Circuit's decision United States v. Aparicio-Soria, 721 F.3d 317, 333 (4th Cir. 2013), he need not seek the approval of the Fourth Circuit Court of Appeals before filing a successive §2255 motion, because he is submitting a claim that was not ripe at the time he filed his first §2255 motion.

As relief, he requests that the court "remand for resentencing."

## II. Analysis

**Second and Successive §2255 Motions Prohibited**

Section §2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Although the petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus it bars a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[4] Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)."  See  United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's claims, the undersigned recommends that petitioner's §2255 motion be denied with prejudice as untimely and for lack of jurisdiction.

### III. Conclusion

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion (Dkt.# 839) and **DISMISSING this case with prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by February 25, 2014**, any party shall file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such**

---

[4] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of Appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review  by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**Recommendation**.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED:  February 11, 2014

      /s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE