**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**MAURICE JOHNSON**

       Petitioner,

**v.**
                                     **CIVIL ACTION NO. 3:14-CV-17
CRIMINAL ACTION NO. 3:02-CR-64-4
(JUDGE GROH)**


**UNITED STATES OF AMERICA,**

       Respondent.


**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

**I.  Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of a proposed Report and Recommendation. Magistrate Judge Seibert filed his Report and Recommendation [Doc.5] on February 11, 2014.  In that filing, he recommended that this Court deny Petitioner's petition pursuant to 28 U.S.C. § 2255 and dismiss the case with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150

(1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review

and Petitioner's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).    Here, objections to Magistrate Judge Seibert's Report and

Recommendation  were due within fourteen (14) days after being served with a copy

pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

Petitioner timely filed his objections on March 3, 2014.   Accordingly, this Court will

undertake a *de novo* review of those portions of Magistrate Judge Seibert's findings to

which objection is made.    This Court will review the remainder of the Report and

Recommendation for clear error.

## II.  Background

On December 4, 2002, Defendant was indicted on Count 1 and Count 48 in an

Indictment containing fifty-nine counts.  On February 25, 2003, Petitioner signed a plea

agreement wherein he pled guilty to Count 48 for distribution of heroin in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(C).  On March 17, 2003, Petitioner entered his plea of guilty

before Magistrate Judge Joel.  On July 30, 2003, Petitioner appeared before the United

States District Court for the Northern District of West Virginia at Martinsburg for sentencing.

After considering several factors, including the circumstances of both the crime and the

defendant and the sentencing objectives, the Court sentenced Petitioner to imprisonment

for a term of 188 months.

On April 27, 2007, Petitioner filed his first motion to vacate under § 2255 that raised

one ground for relief.  On July 12, 2007, Magistrate Judge Seibert issued a Report and Recommendation that recommended Petitioner's § 2255 motion be denied as untimely. On July 24, 2007, Petitioner filed objections to the Report and Recommendation.  On August 3, 2007, the Court adopted the Report and Recommendation and dismissed the § 2255 motion.

Although Petitioner did not appeal the Court's Order, Petitioner, on August 13, 2007, filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  On January 25, 2008, the Court denied Petitioner's motion.  On February 4, 2008, Petitioner timely filed his notice of appeal.  On June 24, 2008, the Fourth Circuit Court of Appeals, by unpublished *per curiam* opinion, dismissed the appeal.  Petitioner petitioned the panel for a rehearing and/or a rehearing *en banc*.  On August 26, 2008, the Fourth Circuit denied the petition.

On February 4, 2014, Petitioner filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."  On February 11, 2013, Magistrate Judge Seibert reviewed Petitioner's motion and entered a report that recommended this Court dismiss the petition with prejudice. On February 18, 2014, Petitioner received service of the Report and Recommendation.  On March 3, 2014, Petitioner filed his objections.  Therefore, this issue is ripe for the Court's review.

### III.  Legal Standard

A motion pursuant to 28 U.S.C. § 2255 requests a court that imposed a sentence to vacate, set aside, or correct the sentence for at least one of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States,

(2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

## IV.  Discussion

Petitioner objects to Magistrate Judge Seibert's Report and Recommendation because he maintains that recent decisions by the United States Supreme Court and the Fourth Circuit Court of Appeals have made his claim "ripe to present" that were not ripe at the time of his initial petition.

### A.      Petitioner's Motion is a Second or Successive Petition

The Report and Recommendation found that Petitioner's current petition is a second or successive petition because Petitioner's first § 2255 motion, filed on April 27, 2007, was dismissed on the merits on statute of limitations grounds.  Petitioner does not object that his first § 2255 motion was dismissed on the merits.

To be considered a second or successive petition, the first petition must have been dismissed on the merits.  Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002). Although Petitioner's first § 2255 motion was dismissed on statute of limitations grounds, the Fourth Circuit Court of Appeals and other courts in this district have found that dismissal on statute of limitations grounds is a dismissal on the merits.  See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir. 1989); Gordon v. United States, Criminal No. 3:05-CR-68-1, 2012 WL 5948894, *3 (N.D.W. Va. Nov. 28, 2012) (holding that dismissal of Petitioner's first § 2255 motion on statute of limitations grounds was a dismissal on the merits)

Therefore, Petitioner's current § 2255 motion is a second or successive petition.

**B.      Petitioner's Second or Successive Motion is Barred**

Petitioner objects to Magistrate Judge Seibert's Report and Recommendation

because Petitioner argues he was not required to obtain the approval of the Fourth

Circuit Court of Appeals prior to filing his successive § 2255 motion.

Section 2255 provides the procedure for a second or successive motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  A second or successive petition is an available form of relief so

long as a prisoner first obtains authorization from the appropriate court of appeals, in

this case, the Fourth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  However, a

district court lacks jurisdiction to consider a second or successive petition if the

petitioner did not receive pre-filing authorization.  United States v. Winestock, 340 F.3d

200, 205 (4th Cir. 2003).  It is undisputed that Petitioner has not received pre-filing

authorization from the Fourth Circuit Court of Appeals to file his claim.

However, Petitioner contends that the Supreme Court has given prisoners

permission to file subsequent § 2255 motions without obtaining approval from the

appellate court.  Petitioner relies on the United States Supreme Court's opinion in

Panetti v. Quarterman, 551 U.S. 930 (2007).  However, Petitioner's reliance on Panetti

is misplaced.  In Panetti, the petitioner was convicted of capital murder in a Texas state

court, and he was sentenced to death despite a documented history of mental illness.

After the Texas courts denied his direct appeal, the petitioner filed a federal habeas

petition pursuant to 28 U.S.C. § 2254, but the district court and the Fifth Circuit Court of

Appeals rejected his claims, and the Supreme Court denied certiorari.  Then, once the

state trial court set petitioner's execution date, he filed another federal habeas petition

under § 2254 alleging a claim under Ford v. Wainright, 477 U.S. 399 (1986).  The

district court and the Fifth Circuit reviewed the second petition, but denied relief.  The

Supreme Court then granted certiorari to determine whether it had statutory authority to

adjudicate the claims raised in petitioner's second federal habeas petition.  The United

States Supreme Court held that "[t]he statutory bar on 'second or successive'

applications does not apply to a Ford claim brought in an application filed when the

claim is first ripe."  Id. at 947.  Therefore, the Supreme Court held the district court had

jurisdiction to adjudicate the prisoner's claim.

However, the narrow holding in Panetti is not applicable to this case as Petitioner

does not raise a Ford-based incompetency claim that recently became ripe.  Instead,

Petitioner is attacking his sentence because he argues that a prior Maryland Second

Degree Assault conviction should not have been used to qualify him as a career

offender.  Further, this claim was ripe for adjudication at the conclusion of Petitioner's

first federal habeas proceeding, and indeed, Petitioner's first petition argued that his

counsel failed to timely file his notice of appeal and that he contested the sentence

imposed by the Court.  Therefore, this is a successive § 2255 motion, and Petitioner must receive authorization from the Fourth Circuit Court of Appeals to file his successive motion.

Petitioner's objection also urges this Court to consider the merits of his motion, mainly that the use of his Maryland Second Degree Assault conviction should not have been used to qualify him as a career offender, or in the alternative, to construe his petition as a Writ of Coram Nobis.  The Court will not evaluate the merits of Petitioner's § 2255 motion because it has no jurisdiction over this matter.  It is undisputed that Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court.  Accordingly, Petitioner's objections are **OVERRULED**.

## V.  Conclusion

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the Petitioner's Objections are **OVERRULED**. It is further ordered that Petitioner's § 2255 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and

to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his

last known address as shown on the docket sheet.

**DATED**: March 12, 2014


GINA M. GROH
UNITED STATES DISTRICT JUDGE